IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.  CASE NO. 1:24CR29AW

JAMES MOBLEY,
_____/

## MOTION TO SUPPRESS

The Defendant, James Mobley, moves this Court to enter an Order suppressing all evidence and statements in this matter, including the firearm and any alleged statements made by Mr. Mobley on the basis that they were obtained because of an unlawful seizure and search of the Defendant.

## FACTUAL BACKGROUND

1. On July 11, 2024, at approximately 12 p.m., the Gainesville Police Department ("GPD") Gun Violence Unit was conducting surveillance at the Eight Avenue Food Store located at 1634 NE 8th Avenue in Gainesville, FL.

2. The surveillance was being conducted by GPD Sergeant Ferro. Sergeant Ferro surveilled the store and specifically the Defendant for approximately fifteen minutes.

3. According to law enforcement reports, Sergeant Ferro believed the Defendant was engaged in "suspicious" activity based upon his observation that the Defendant entered and exited the store several times. Sergeant Ferro also noted the Defendant was wearing a "shoulder bag."

4. At approximately 12:30 p.m., Defendant Mobley left the store in a green pickup truck. Sergeant Ferro followed Defendant Mobley with the clear intent to effectuate an investigatory stop.

5. After following Defendant Mobley for a matter of just minutes, Sergeant Ferro reported that he "paced" Defendants vehicle going 58 mph in a posted 45 mph zone. In doing so, Sergeant Ferro reports that he "visually looked at [my] speedometer for a few seconds to verify it read 58 on my speedometer.

6. Following this "few seconds" of making his estimated conclusion that Defendant was speeding, Sergeant Ferro relayed to two other Officers (Corporal White and Officer Sutton) that they should effectuate a traffic stop of Defendant for the alleged speeding violation.

7. After the stop was executed, Corporal White and Officer Sutton engaged Defendant and subsequently reported that they viewed marijuana shake in plain view. Based upon their view of what they believed to be marijuana shake, a

probable cause search of the truck was conducted and the firearm charged in the instant matter was located.

### ARGUMENT AND MEMORANDUM OF LAW

**Sergeant Ferro's estimation that the vehicle was driving above the speed limit is not reliable, and therefore he did not have reasonable suspicion to pull over the vehicle that the Defendant was driving.**

The Fourth Amendment of the United States Constitution provides that "[t]he right of the people to be secure in their persons … against unreasonable searches and seizures, shall not be violated, and no [w]arrants shall issue, but upon probable cause. U.S. Const. Amend IV. When considered in its totality, the traffic stop in this case was not reasonable, and therefore violated the rights of Defendant Mobley.

The basis for the traffic stop was questionable, because Sergeant Ferro's lack of accurate methodology for measuring the speed limit, coupled with the incredibly short period of time that he followed the Defendant to establish the alleged traffic violation. His determination of the speed of the vehicle was based on "pacing." While pacing may be admissible, it is only where a proper foundation establishes that Sergeant Ferro was able to get an accurate estimation of the speed of the vehicle.

*United States v. Rowls,* 402 F.App'x 467, 468-69 (11th Cir. 2010); *United States v. Puckett*, 422 F.3d 340, 342-43 (6th Cir. 2005).

In the present case, there is no evidence other than Sergeant Ferro's observation that the alleged speeding happened or that Sergeant Ferro's estimation was accurate. There is no video evidence to support his estimation. There is no data to support his observation. There is also a very shaky and quick reporting of just how long or what method Sergeant Ferro used to estimate the speed of the Defendant before relaying his beliefs to his fellow Gun Violence Unit colleagues to make a traffic stop.

There are a number of scientific factors that contribute to the speed of one's vehicle. There is also very little established procedure for how to "pace" a vehicle and establish one's speed. Sergeant Ferro reports that he had recently had his speedometer calibrated. That calibration alone, does not add any extra layer of accuracy where the entire allegation is based upon what Sergeant Ferro reported after following Defendant for a "few seconds." Nothing independent of Sergeant Ferro's very short and uncorroborated observations supports the alleged traffic infraction in this case.

Based on the Constitutional violation in this case, the statements of Defendant and any evidence found after the traffic stop in this matter must be suppressed.

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that this motion contains 856 words.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically uploaded to the CM/ECF system and thereby furnished by notification of electronic filing to Harley Ferguson, Assistant United States Attorney, Gainesville, FL, on this 3rd day of February, 2025.

Respectfully Submitted,
JOSEPH F. DEBELDER
Federal Public Defender

By: *s/ Darren Johnson*

Darren J. Johnson
Assistant Federal Public Defender
New York Bar No. 4056800
101 S. E. 2nd Place, Suite 112
Gainesville, FL 32601
(352) 373-5823