IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 1:24cr29-AW

JAMES MOBLEY
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

Comes now, the United States of America, by and through the undersigned Assistant United States Attorney, and respectfully requests that this Honorable Court deny the defendant's Motion to Suppress (ECF Doc. 22).

### FACTUAL BACKGROUND

On July 11, 2024, Gainesville Police Department ("GPD") Sergeant Tony Ferro ("Ferro") was in an unmarked unit conducting surveillance near the Eighth Avenue Food Store located at 1634 NE 8th Avenue in Gainesville, Florida. Based on Ferro's training and experience, the area is a high-crime location for narcotic sales. Ferro observed the defendant at the location for approximately 15 minutes. Ferro observed the defendant enter the store a few times, approach a few unknown individuals and get into a green Ford F-150 that was parked in the Eighth Avenue Food Store parking lot. After the defendant sat in the vehicle for approximately 5 minutes, a marked GPD unit entered the area and parked across the street from the

1

defendant. At that point, the defendant pulled out of his parking space and left.

Ferro, in his unmarked unit, began following behind the defendant. While following the defendant, Ferro was in radio contact with other GPD officers. While behind the defendant, Ferro "paced" the defendant traveling 58 miles per hour ("mph") in a 45 mph zone from the 1300 block to the 2000 block of NE Waldo Road. Ferro confirmed the speed the defendant was traveling by verifying on his own speedometer he was going 58 mph while pacing the defendant. Ferro's speedometer was calibrated approximately 2 months before the incident. Upon observing the speed at which the defendant was traveling, which was drastically higher than the speed limit, Ferro radioed to nearby GPD Corporal Paul White and Officer Sutton, who then initiated a traffic stop on the defendant using his marked GPD unit. During the traffic stop, Corporal White and Officer Sutton made contact with the defendant and ultimately conducted a search of the vehicle which located the firearm charged in the indictment.

## MEMORANDUM OF LAW

**The Court should deny the defendant's motion because the police had probable cause to stop the defendant's vehicle.[1]**

The Fourth Amendment protects individuals from unreasonable searches

---

[1] The defendant does not challenge the basis for the search of the vehicle; instead, he only challenges the basis for the traffic stop.

and seizures. U.S. Const. amend. IV. A traffic stop for a suspected violation of law is considered a seizure of the vehicle's occupant and must be conducted in accordance with the Fourth Amendment. *See Heien v. North Carolina*, 574 U.S. 54, 60 (2014); *United States v. Purcell*, 236 F.3d 1274, 1277 (11th Cir. 2001). A decision to stop a vehicle is reasonable under the Fourth Amendment where the officer has either probable cause, *Whren v. United States*, 517 U.S. 806, 817 (1996); *United States v. Simmons*, 172 F.3d 775, 778 (11th Cir. 1999), or a reasonable suspicion, *Heien*, 574 at 60; *United States v. Campbell*, 970 F.3d 1342, 1351 (11th Cir. 2020), that a traffic violation occurred. *See Rodriguez v. United States*, 575 U.S. 348, 365 (2015) (Thomas, J., dissenting) ("Traffic stops can be initiated based on probable cause or reasonable suspicion.") The lower standard of reasonable suspicion requires that the officer need only "a particularized and objective basis for suspecting the particular person stopped" was breaking the law. *Navarette v. California*, 572 U.S. 393, 396 (2014); *United States v. Braddy*, 11 F. 4th 1298, 1308 (11th Cir. 2021).

Ferro, who was in an unmarked vehicle directly behind the defendant, observed the defendant violate the speed limit. The defendant's argument hinges on the contention that Ferro's estimation that the vehicle exceeded the speed limit is not reliable. As the defendant concedes in his motion, "pacing" is an admissible method for determining a traffic violation. *See United States v. Rowls*, 402 F.

3

App'x 467, 468 (11th Cir. 2010); *United States v. Peguero*, 518 F. App'x 792, 794 (11th Cir. 2013) ("Pacing is when a police officer uses his or her own speedometer to determine the speed of the suspect's vehicle. Here, while the officer maintained a speed of 79 miles per hour, Peguero's truck pulled away, which, based on the officer's training and experience, demonstrated that Peguero was traveling at least 79 miles per hour … The officer had probable cause to pull over Peguero.)

While the defendant argues in his motion, "there is also very little established procedure for how to 'pace' a vehicle and establish one's speed," the Eleventh Circuit has made clear that an officer's visual observation is enough to initiate a traffic stop for speeding. *United States v. Monzon–Gomez*, 244 F. App'x 954, 959 (11th Cir. 2007). ("The Fourth Amendment plainly does not prohibit a law enforcement officer from pulling over a motorist for suspected speeding whenever the officer is acting solely on the basis of his visual observation.") Similarly, the defendant's argument that the pacing must go on for a specified amount of time to establish what defendant calls a "proper foundation" is unsupported by any authority. As such, Ferro's visual observation that the defendant was going approximately 58 miles per hour in a 45 mile per hour zone was a sufficient basis for the traffic stop.

## CONCLUSION

WHEREFORE, based on the foregoing, the United States requests this Honorable Court deny the defendant's Motion to Suppress (ECF Doc. 22).

    Respectfully submitted,

    MICHELLE SPAVEN
    Acting United States Attorney

    */s/ Harley W. Ferguson*
    HARLEY W. FERGUSON
    Assistant United States Attorney
    Northern District of Florida
    Florida Bar Number: 1022318
    111 North Adams Street, 4th Floor
    Tallahassee, FL 32301
    (850) 942-8430
    harley.ferguson@usdoj.gov

## LOCAL RULE 7.1(F) CERTIFICATE

I HEREBY CERTIFY that the above response complies with the word limit in N.D. Fla. Loc. R. 7.1 because this response contains <u>882</u> words, excluding those parts that are exempted by the rule.

<i><u>/s/ Harley W. Ferguson</u></i><br>
Harley W. Ferguson<br>
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I certify that on February 14, 2024, the foregoing response has been furnished electronically via the CM/ECF filing system to all interested parties.

<i><u>/s/ Harley W. Ferguson</u></i><br>
Harley W. Ferguson<br>
Assistant U.S. Attorney